# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| S. COLLINS TRUCKING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:17CV00039 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| PROGRESSIVE NORTHERN | ) | By: James P. Jones |
| INSURANCE COMPANY, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Thomas A. Walk, Altizer, Walk and White PLLC, Tazewell, Virginia, for Plaintiff; John B. Mumford, Jr. and Lindsay L. Rollins, Hancock, Daniel & Johnson, P.C., Glen Allen, Virginia, for Defendant.*

In this diversity action, initially brought in state court and timely removed to this court,[1] the plaintiff S. Collins Trucking, Inc. ("Collins") has asserted a breach of contract claim against defendant Progressive Northern Insurance Company (the "Insurance Company") arising out of an insurance policy covering the plaintiff's truck. Collins contends that following an accident involving the truck, the Insurance Company was required to pay the truck's replacement cost and failed to

---

[1] Jurisdiction of this court exists pursuant to diversity of citizenship and amount in controversy. 28 U.S.C. § 1332(a).

do so. The Insurance Company has moved for summary judgment. For the following reasons, I will grant the motion.

I.

The following facts are taken from the summary judgment record.

In 2014, Collins purchased a Peterbilt 389 Tractor (the "Tractor") subject to a loan and security agreement. On October 31, 2016, the Tractor was involved in an accident, damaging it. At the time of this accident, the Tractor was covered by a commercial automobile insurance policy issued by the Insurance Company. Also at this time, Collins had failed to make payments due under the loan and security agreement, causing the loan to be in arrears.

Collins selected a Peterbilt dealer to assess the damage to the Tractor. The dealer ultimately determined that the Tractor was repairable. As authorized by the lienholder, the dealer repaired the damage to the Tractor using an advanced frame rack with laser alignment. The dealer also aligned the Tractor's axles and confirmed that there was no further existing frame damage because alignment would not have been possible otherwise. The Insurance Company paid the dealer a total of $61,925.54 for these repairs.

The Tractor was then repossessed by the lienholder and sold at auction. The subsequent owner regularly and frequently operates the Tractor and has not had any problems with the frame as repaired by the dealer.

The insurance policy in question provided collision coverage that provides that for a loss resulting from an accident, the Insurance Company will pay the least of (1) the actual cash value of the damaged property, (2) the cost of repairing or replacing the property, or (3) $160,000 minus any applicable deduction. The policy was further modified by another endorsement that provides, among other things, that the Insurance Company may opt to either pay for, repair, or replace damaged property.

The Insurance Company contends that it did not breach the policy by refusing to declare the Tractor a total loss and instead paying only for the Tractor's repairs in light of the policy option that allowed the Insurance Company to replace or repair damaged property.

The motion for summary judgment has been fully briefed and is ripe for decision.[2]

## II.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To raise a genuine issue of material fact sufficient to avoid summary judgment, the evidence must be "such that a

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not significantly aid the decisional process.

reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

It is clear from the summary judgment record that the parties do not dispute any material facts. In its response, Collins concedes that it does not disagree with the statement of facts set forth by the Insurance Company, including that the Tractor was repairable and that the policy language did not require the Insurance Company to pay the replacement cost if the tractor was repairable. Therefore, summary judgment is appropriate, and I will grant the motion.

### III.

For the foregoing reasons, it is **ORDERED** that Defendant Progressive Northern Insurance Company's Motion for Summary Judgment (ECF No. 15) is GRANTED. A separate final judgment will be entered herewith.

ENTER: May 29, 2018

/s/ James P. Jones
United States District Judge